**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| Freddie Lee Smith, | ) | |
| | ) | Civil Action No. 8:13-cv-02657-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Freddie Lee Smith ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). (ECF No. 1.)  This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) D.S.C. (ECF No. 28).

The Magistrate Judge recommended affirming the Commissioner's final decision denying Plaintiff's claim for Supplemental Security Income ("SSI"). (*Id.* at 31.)  Plaintiff timely filed objections to the Magistrate Judge's recommendation. (ECF No. 30.)  For the reasons set forth herein, the court **ACCEPTS IN PART AND REJECTS IN PART** the Magistrate Judge's Report and Recommendation and **REVERSES** the final decision of the Commissioner denying Plaintiff's claim for SSI pursuant to sentence four (4) of 42 U.S.C. § 405(g) and **REMANDS** the case to the Commissioner for further proceedings consistent with this decision.

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A thorough recitation of the relevant factual and procedural background of this matter is

discussed in the Report and Recommendation. (*See* ECF No. 28.)  The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual and procedural summation is accurate and incorporates it by reference.  The court will only reference herein facts pertinent to the analysis of Plaintiff's claims.

Plaintiff was born on December 3, 1960, and is presently 54 years old. (ECF No. 13-5 at 2.)  This matter is Plaintiff's third application for disability benefits.  (ECF No. 13-2 at 15.)  Plaintiff previously applied in 2003, with a denial at the hearing level in 2006, and again in 2009, with a denial at the hearing level on July 30, 2010. (*Id.*)  On August 11, 2010, Plaintiff filed this third application, alleging a disability onset date of July 31, 2010, due to severe impairments of major depression, mixed personality disorder, dysthymia, hypertensive heart disease, anxiety disorder, hyperlipidemia, headaches/migraines, neck pain, uncontrolled hypertension, chest pain, degenerative disc disease, mental retardation, cervical radiculopathy, cervical spondylosis, spinal canal narrowing, and spinal cord effacement and mental impairments of major depression, mixed personality disorder, dysthymia, anxiety disorder, and mental retardation.  (ECF No. 13-5 at 2; ECF No. 13-6 at 42.)  Plaintiff's claim was denied on September 28, 2010, and again on reconsideration on December 15, 2010.  (ECF No. 13-4 at 3, 13.)  On July 17, 2012, Plaintiff had a hearing before an Administrative Law Judge ("ALJ"), who found on October 5, 2012, that Plaintiff is not disabled under § 1614(a)(3)(A) of the Social Security Act.  (ECF No. 13-2 at 13, 34.)  Thereafter, the Appeals Council denied Plaintiff's request for review on August 2, 2013, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (*Id.* at 2.)

Subsequently, on September 27, 2013, Plaintiff commenced this action in the United States District Court for the District of South Carolina pursuant to 42 U.S.C. §§ 405(g) and

1383(c)(3) to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for SSI. (ECF No. 1.) On May 9, 2014, Plaintiff filed an Amended Complaint, seeking benefits starting on December 3, 2010. (ECF No. 15 at 2.) On February 3, 2015, the Magistrate Judge issued her recommendation that the Commissioner's final decision denying Plaintiff's claim for SSI be affirmed. (ECF No. 28.)

In the Report and Recommendation, the Magistrate Judge found that the opinion of Plaintiff's treating physician, Dr. Joy Dina Hudson, that Plaintiff is disabled is "not entitled to controlling weight." (*Id.* at 25.) The Magistrate Judge found that the ALJ "adequately explained his consideration of Dr. Hudson's opinion in light of the record evidence and explained his weighing of the same" and "properly weighed and considered all the evidence of record and the opinions of the State agency medical consultants," and thus the weight given to Dr. Hudson's opinion was "supported by substantial evidence." (*Id.* at 26.) Further, the Magistrate Judge found that Plaintiff had not explained how the assignment of Plaintiff's case to the same ALJ as his previous decision violated any due process rights under the Administrative Procedures Act. (*Id.* at 26.) Finally, the Magistrate Judge found that the ALJ properly applied the ruling of *Albright v. Commr. of Soc. Sec. Admin.,* 174 F.3d 473 (4th Cir. 1999), when making his decision. (*Id.* at 27-31.)

Plaintiff timely filed objections to the Magistrate Judge's recommendation on February 20, 2015. (ECF No. 30.) The Commissioner filed a response to Plaintiff's objections on March 9, 2015. (ECF No. 31.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this

court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis,* 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch,* 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson,* 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen,* 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek,* 438 F.2d at 1157–58.

Plaintiff objects on three grounds, arguing that the Magistrate Judge (1) "erroneously determined that the ALJ properly applied *Albright* by assigning 'great weight' to his prior decision," (2) "improperly determined that the Greenville ODAR [Office of Disability Adjudication and Review] did not violate Plaintiff's due process rights and the APA by failing to assign this case to an ALJ on a rotational basis," and (3) "improperly rejected the opinions of Dr. Joy Dina Hudson, [Plaintiff's] primary care physician, when her opinions were entitled to controlling weight under 20 C.F.R. § 404. 1527 and [Social Security Ruling] 96-2." (ECF No. 30 at 1-4.)

Plaintiff argues that the Magistrate Judge's and ALJ's focus on the 10 day gap between the denial of his second application and the filing of this application, rather than the 27 month gap between the rendering of the current decision and the prior decision, when determining the weight to give the prior decision was a misapplication of *Albright.* (*Id.* at 3.) In *Albright,* the United States Court of Appeals for the Fourth Circuit noted, "[a]lthough we might state with some assurance that a claimant's condition very likely remains unchanged within a discrete two-week period, we would grow ever less confident as the timeframe expands." 174 F.3d at 477. In *Albright,* the relevant time period to consider whether the plaintiff's condition had changed, and thus whether to afford great weight to the prior decision, spanned three years—from the time his initial claim was denied until his insured status expired. In *Lively v. Sec'y of Health and Human Serv.,* 820 F.2d 1391 (4th Cir. 1987), which the Fourth Circuit discussed in *Albright*, the relevant time period was two weeks—from the time the plaintiff's initial application was denied to when the plaintiff turned 55, qualifying him as an applicant of "advanced age." 820 F.2d at 1392. The Fourth Circuit found, "[i]t is utterly inconceivable that his condition had so improved in two

weeks" to logically allow for a change from a determination that the plaintiff was able to perform light work to one that he was able to perform medium work. *Id.*

The court disagrees with Plaintiff's argument that the relevant time period in this case is 27 months. The decisions in *Albright* and *Lively* show that the relevant time period when considering how much weight to give a prior decision is the time period from the date of the last decision to the date at which Plaintiff alleges a change in status, not to the time of the next denial. In *Albright,* the time period was determined to end when the plaintiff's insured status expired; in *Lively,* the time period ended when the plaintiff turned 55. Here, then, it would seem proper to put the relevant time period as from the time the previous application was denied, July 30, 2010, to when Plaintiff alleges his disability onset occurred, initially July 31, 2010, amended to December 3, 2010. Thus, the relevant time period here would be approximately four months,[1] longer than the two weeks in *Lively,* but significantly shorter than the three years in *Albright.* As such, the court does not consider this time period to be so lengthy as to require the ALJ to afford little weight to the prior decision.

In addition, as the Magistrate Judge noted, the ALJ considered evidence from the time period after the prior decision and noted "relatively little change" in Plaintiff's condition since the decision. (ECF No. 28 at 29-30; *see also* ECF No. 13-2 at 29-30.) Further, the ALJ took the passage of time into account in his decision, noting "the mere passage of time (albeit a mere 5 months since the date of the last decision and his current alleged onset date) can cause a digression in the claimant's condition, I have further limited the claimant's postural limitations." (ECF No. 13-2 at 30.) Therefore, the court does not find a misapplication by either the

---

[1] Notably, both the ALJ and Magistrate Judge round up the time period to five months. (*See* ECF Nos. 13-2 at 30; 28 at 29.)

Magistrate Judge or the ALJ of the *Albright* decision, and adopts the Magistrate Judge's recommendation on this point.

Plaintiff next argues that he was prejudiced when his case was assigned to the same ALJ who had denied his prior claim. (ECF No. 30 at 4.) Plaintiff argues that "the prejudice here is obvious," but fails to show any specific examples to support this claim other than that the ALJ decided against Plaintiff in prior decisions. (*Id.*) Defendant argues "the mere fact that the ALJ found Plaintiff not credible on two separate occasions does not, by itself, establish bias, and moreover, the ALJ's decision reflects that his second credibility determination was based on his review of recently-submitted evidence rather than on his previous impressions." The court agrees. The ALJ specifically addressed his determination of Plaintiff's credibility in his decision, and each point is based upon documents and testimony from this case, not upon determinations made on prior applications. (ECF No. 13-2 at 26-28.) Further, as the ALJ noted both in his decision and on the record at the hearing, even if Plaintiff's case had been heard by another ALJ, "any Judge that hears the case will be aware of the prior decision and the conclusions made therein." (*Id.* at 13.) Thus, Plaintiff has failed to establish bias on the part of the ALJ and the court adopts the recommendation of the Magistrate Judge on this point.

Finally, Plaintiff argues that the Magistrate Judge erred in finding the ALJ properly weighed the opinions of Plaintiff's treating physician. (ECF No. 30 at 1-3.) Specifically, Plaintiff argues that the ALJ failed to "set forth the systematic analysis required by 20 C.F.R. § 404.1527(c)" when explaining why he gave "little weight" to Dr. Hudson's opinions. (*Id.* at 3; *see* ECF No. 13-2 at 32.)

The weight given to medical opinions is guided by 20 C.F.R. § 404.1527(c), which outlines six factors to be considered: (1) examining relationship ("[g]enerally, we give more

weight to the opinion of a source who has examined you than the opinion of a source who has

not examined you"), (2) treatment relationship, including length of treatment relationship,

frequency of examination, and the nature and extent of the treatment relationship, (3)

supportability ("[t]he more a medical source presents relevant evidence to support an opinion…

the more weight we will give that opinion"), (4) consistency, (5) specialization, and (6) other

factors.  The ALJ specifically addresses factors 3 and 4 when discussing why he afforded Dr.

Hudson's opinion little weight, but fails to address the other factors.  (ECF No. 13-2 at 32.)

When considering how to weigh medical opinions, ALJs are to consider all of the factors.  20

C.F.R. § 404.1527(c).  Notably, the ALJ's decision makes almost no note of the nature of

Plaintiff's treating relationship with Dr. Hudson.  Other than a mention of the date range during

which Plaintiff saw Dr. Hudson and reference to exhibits, the ALJ makes no mention of the

frequency of examination or the nature and extent of the relationship, nor why those factors did

not require the ALJ to afford Dr. Hudson's opinions more weight.  (*See* ECF No. 13-2 at 29-30.)

Further, the ALJ stated "[m]edical evidence after the date of the last ALJ decision is fairly

limited and consists primarily of treatment records of Dr. Hudson."  (*Id.* at 29.)  Social Security

Ruling 96-5p states, "[b]ecause treating source evidence (including opinion evidence) is

important, if the evidence does not support a treating source's opinion on any issue reserved to

the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case

record, the adjudicator must make 'every reasonable effort' to recontact the source for

clarification of the reasons for the opinion."  If the ALJ felt the evidence was limited as to the

relevant time period and did not find Dr. Hudson's conclusions to be consistent with her notes on

record, an effort should have been made to contact Dr. Hudson to clarify why she came to the

conclusions she did or a determination should have made by the ALJ regarding why Dr. Hudson's conclusions were not supported in the medical records.

Therefore, the court declines to adopt the recommendation of the Magistrate Judge with regard to the ALJ's weighing of medical evidence, and remands the case for further proceedings consistent with this decision.

### III. CONCLUSION

Upon careful consideration of the entire record, the court **ACCEPTS IN PART AND REJECTS IN PART** the Report of the Magistrate Judge (ECF No. 28), incorporating it by reference, and **REVERSES** the final decision of the Commissioner denying Plaintiff's claim for Supplemental Security Income pursuant to sentence four (4) of 42 U.S.C. § 405(g) and **REMANDS** the case to the Commissioner for further proceedings consistent with this decision.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 25, 2015
Columbia, South Carolina

9